AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| JANAE BROWN <br><br> *Plaintiff(s)* <br> v. <br> JETBLUE AIRWAYS CORPORATION <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* REGISTERED AGENT FOR JETBLUE AIRWAYS CORPORATION
NRAI SERVICES
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICE OF GREGORY CURTIS
17325 N.W. 27TH AVENUE
SUITE 103
MIAMI GARDENS, FLORIDA 33056

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
JANAE BROWN

**DEFENDANTS**
JETBLUE AIRWAYS CORPORATION

**(b)** County of Residence of First Listed Plaintiff   MIAMI-DADE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GREGORY CURTIS
17325 N.W. 27TH AVENUE, SUITE 103
MIAMI GARDENS, FLORIDA 33056

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
MONTREAL CONVENTION
Brief description of cause:
INJURY DISEMBARKING FROM JETBLUE AIRCRAFT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

**DATE**   05/16/2014

**SIGNATURE OF ATTORNEY OF RECORD**
GREGORY CURTIS

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In Re Jet Blue Airlines Flight 1676

MIAMI DIVISION

Janae Brown                                             Case No.: 1:14 cv21829
      Plaintiff

vs.

JetBlue Airways Corporation,
      Defendant
_____/

**COMPLAINT**

Plaintiff, Janae Brown, by and through her undersigned counsel sues the Defendant, JET BLUE CORPORATION, and allege as follows:

**JURISDICTIONAL STATEMENT**

1. This is an action for damages in excess of Seventy five Thousand Dollars ($75,000.00) exclusive of interest and costs and attorney's fees.

2. This Court has subject matter jurisdiction pursuant to 28 USC 1332(a)(2). The matter in controversy exceeds $75,000.00.

3. The Plaintiff is a citizen and resident of the State of Florida, United States of America. The Defendant is a corporation whose principal place of business is in Salt Lake City, Utah. It does business in the state of Florida. Its registered agent is NRAI SERVICES, INC., 1200 South Pine Island Road, Plantation, FL 33324.

4. This court also has subject matter jurisdiction pursuant to 28 USC 1331(a). This is a civil action arising under the laws and treaties of the United States: the Montreal Convention concluded on May 28, 1999, 49 USC 1502et. seq., and all relevant law applicable thereunder. This presents a "federal question."

## VENUE

8. Venue is proper in the Southern District, Miami Division, pursuant to 28 UCS 1391(a) (1), a judicial district where the Defendant resides; and also 28 USA 1391(a) (3), a judicial district in which the Defendant is subject to personal jurisdiction at the time the action is begun.

9. Any and all conditions precedent to the maintenance of this action has been complied with.

## PARTIES

10. Petitioner, Ms. Brown, a resident of the state of Florida was a passenger on Jet Blue airlines flight 1676 from Kingston Jamaica to Fort Lauderdale, Florida on May 31, 2014. The jet was carrying passengers and crew members. She was injured by the acts and omissions of the agents, employees and/or affiliates of Jet Blue Corporation.

11. The Defendant, Jet Blue Corporation, owned, operated, possessed, maintained, and/or controlled the subject aircraft, flight 1676 on March 31, 2014. The Defendant exercises control over the activities of all of its aircraft, including the subject aircraft which departed Kingston, Jamaica to Ft. Lauderdale, Florida.

12. Jet Blue's principal place of business, residency, and citizenship is in Salt Lake City, Utah. However, Defendant, Jet Blue Corporation has subjected itself to jurisdiction in this Court by operating, conducting, engaging in, and carrying on a business venture in Ft. Lauderdale Broward County, Florida.

13. JetBlue has another facility and/or major hub at Miami International Airport, Miami-Dade County, Florida. This satisfies the jurisdictional requirements of Florida Statute

48.193, the Florida Long Arm Statute and confers in personam jurisdiction over the Defendant.

14. Defendant, JetBlue Corporation, has engaged in substantial and not isolated activity within the State of Florida, including but not limited to the maintenance and operation of its hub at the in Ft. Lauderdale Airport located in Broward County Florida as well as another facility at the Miami International Airport in Miami-Dade County, Florida. In addition, the Defendant owns, operates, maintains, possesses, and controls its aircraft through the State of Florida.

15. The Defendant, JetBlue Corporation, has, by engaging in and carrying on a business venture in Florida, and maintaining major flight operations from its hub at Ft Lauderdale International Airport, and also by having a registered agent in NRAI SERVICES, INC., 1200 South Pine Island Road, Plantation, FL 33324.

16. JetBlue purposefully has subjected itself to jurisdiction and subject to service of process in any action or proceeding against it arising out of any transaction or operation connected with or incidental to its business of operating its airline.

## FACTS GIVING RISE TO CAUSE OF ACTION

17. Ms. Brown was a paying customer on JetBlue flight 1676 that departed Kingston Jamaica on March 31, 2014.

18. The plane was traveling to Ft. Lauderdale, Florida. Approximately ten minutes into the flight the airplane began experience major mechanical problems and had to turn around and had to be re-routed back to the Kingston Jamaica Airport to make an emergency landing.

19. The flight attendant's made the situation worse by speaking in a panicky voice constantly repeating, **ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! REMAIN SEATED! REMAIN SEATED! REMAIN SEATED! REMAIN SEATED!** This command was given at least 10 times.

20. These commands gave the Plaintiff the impression that the aircraft was about to crash which cause confusion and anxiety among her as well as other passengers.

21. The pilot most likely caused more confusion to the passengers by coming over the loud speaker saying **"EASY VICTOR, EASY VICTOR**. This command was not understandable to the average passenger without any flight code knowledge and could only be construed to confuse the passengers even further.

22. The flight attendant went on to say in a panicky voice to remain seated, remain seated, remain seated. Then she told the passengers to **GET OUT! GET OUT! GET OUT! GET OUT! TAKE NOTHING WITH YOU! TAKE NOTHING WITH YOU! TAKE NOTHING WITH YOU! TAKE NOTHING WITH YOU!** This was repeated in a loud panicky voice about five times, escalating the panic. Petitioner has a copy of the recording from her phone.

23. The airplane landed in the middle of the runway and passengers had to exit the airplane via emergency evacuation doors. Panicked passengers exited the aircraft as fast as possible through the emergency shoot and this is when Ms. Brown was pushed off of the emergency shoot and onto the ground by panicking passengers.

24. Ms. Brown was injured her back, neck, and shoulder when she hit the ground. Plaintiff required and received medical attention by medical staff at the Kingston Airport. Plaintiff required the assistance of a wheel chair for the rest of the time she was in Kingston, Jamaica.

25. When she was on the ground, there were no emergency personnel or ambulances to assist her with getting back into the airport; therefore, she had to walk, which further aggravated her injuries.

26. Since Ms. Brown arrival back to Florida she had to see a Chiropractor for her back, neck, and shoulder and had to have an MRI done as well. She is currently still under a doctor's care.

27. As a direct and proximate result of the negligence of Defendant, JetBlue, Ms. Brown suffered serious and permanent injuries. The Plaintiffs make the below listed claims for damages.

## COUNT I
## CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION

28. The Defendant, JetBlue, as an airline owner and operator, had and undertook the duty of reasonable care under the circumstances, to provide reasonably safe transit for its passengers. This included the duty to warn of any unreasonably dangerous conditions; the duty to initiate reasonable policies and procedures with respect to the operation of its aircraft in heavy weather in dangerous landing conditions; and the duty to ensure that its pilots and other personnel were well-informed and instructed with respect to operating the subject jet under such hazardous landing and weather conditions.

29. The hazardous conditions were known to JetBlue, and its pilots. The conditions existed for a sufficient length of time to alert JetBlue to take appropriate measures to avoid the incident which injured the Plaintiff.

30. The Defendant JetBlue breached its duty, by and through its employees, agents, and servants in one or more of the following ways:

   a. Negligently allow passengers to board a Jet Blue Corporation Aircraft that was not suitable for international flight over a major body of water.

   b. By negligently attempting to fly over a body of water border lining on the Gulf of Mexico and the Atlantic Ocean that was in dire need of maintenance.

   c. By operating an aircraft that was in dire need of maintenance that was shaking as if it were slowly falling apart.

   d. By the flight crew negligently and recklessly continuing emotional distress by the flight attendants by yelling and instructing passengers to cross arms and place their head on the seat in front of them. This was yelled at least three times. **"HEADS DOWN, STAY DOWN!" "HEADS DOWN, STAY DOWN!" "HEADS DOWN, STAY DOWN!"**

   e. By the flight crew negligently and recklessly continuing emotional distress by the flight attendants by yelling over the loud speaker to **BRACE! BRACE! BRACE! BRACE!**

   f. By negligently and recklessly continuing emotional distress by the flight attendants by yelling over the loud speaker. **ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT! ARMS IN FRONT OF YOUR SEAT!**

   g. By negligently and recklessly telling the passengers to **RELEASE SEATBELTS! RELEASE SEATBELTS! RELEASE SEATBELTS! RELEASE SEATBELTS! GET OUT! GET OUT! GET OUT! GET OUT! TAKE NOTHING WITH YOU! TAKE NOTHING WITH YOU! TAKE NOTHING WITH YOU! TAKE NOTHING WITH YOU!**

      h.      By Negligently landing in the middle of the runway and having to evacuate the passengers from the aircraft via emergency chute causing further injuries and having no emergency transportation to assist the injured.

31. As a direct and proximate result of the negligence of the Defendant, by and through its employees, agents, and servants, Ms. Brown sustained serious and permanent injuries and the damages set forth more particularly below.

32. Under the new Montreal Convention and pursuant to the Special Drawing Rights (SDR) Article 21(1), American is strictly and automatically liable for the accident without regard to fault. It is obligated to pay full, fair, and reasonable damages to the Plaintiff.

33. In addition, under the Montreal Convention, Article 21(2), the Defendant is liable to the Plaintiff for all damages exceeding the SDR unless the Defendant proves it was neither negligent, nor committed wrongful acts or omissions by itself or through its agents or servants; or that the Plaintiff's injury and damages were solely due to the negligence of a third party.

## DAMAGES CLAIMED BY MS. JANAE BROWN

Plaintiff, Janae Brown, as a direct and proximate result of the negligence of the Defendant as set forth above, has in the past and will in the future continue to suffer the following damages:

      a.    Bodily injury;
      b.    Pain and suffering;
      c.    Disability;
      d.    Disfigurement;
      e.    Loss of the capacity for the enjoyment of life;
      f.    Aggravation of pre-existing conditions;
      g.    Medical and hospital care and expenses;

    h. Loss of earnings;
    i. Loss of earning capacity in the future;
    j. Rehabilitation expenses;
    k. Mental distress.

**WHEREFORE**, Plaintiff MS. JANAE BROWN hereby demands judgment for compensatory damages and prejudgment interest against Defendant, JETBLUE, CORPORATION, a Florida Corporation for cost of this action and such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues triable as of right by on all triable issues as of right.

Respectfully Submitted,

By: /S/ Gregory Curtis
Gregory D. Curtis Esq.
17325 N.W. 27th Avenue
Suite 103
Miami, Florida 33056
Tel: (305) 622-9199
Fax: (305) 622-9129
Florida Bar # 0492108
curtislegalgroup@aol.com